**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

In re:                            :

Ormet Corporation, et al.         :        Case No. 2:04-cv-1151

          Debtors.                :        JUDGE GRAHAM

_____   :        Chapter 11

United Steelworkers of            :        Judge Sellers
America, AFL-CIO-CLC,                       (No. 04-51255)
                                  :
          Appellant,
                                  :
     vs.
                                  :
Ormet Corporation, et al.,
                                  :
          Appellees.


                            ORDER


     This matter is before the Court on the United Steelworkers of
America's (the "USWA") motion for reconsideration of the August 19,
2005 Opinion and Order dismissing the USWA's appeal as equitably
moot.    The USWA offers two reasons why the order should be
reconsidered.    First, the USWA contends that a change of law
occurred when the Sixth Circuit issued a decision clarifying the
doctrine of equitable mootness.    See In re American HomePatient,
Inc., 420 F.3d 559 (6th Cir. Aug. 16, 2005).    Second, the USWA
argues that the Court made an error of fact in presuming that a
"curtailment scenario" relating to the reorganization of the
debtor, Ormet Corporation, could last only three years.
     Federal Rule of Bankruptcy Procedure 8015 provides that

parties to a bankruptcy appeal may file a motion for a rehearing within 10 days after the entry of judgement.  Because Rule 8015 itself provides no standard for deciding a motion for rehearing, courts have borrowed from Federal Rule of Appellate Procedure 40, which states that a "petition must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended." Fed. R. App. Proc. 40(a)(2); see In re Fowler, 394 F.3d 1208, 1215 (9th Cir. 2005).

In American HomePatient, the Sixth Circuit expressly announced a standard for determining the mootness of a bankruptcy appeal. See 420 F.3d at 563 ("This court has yet to delineate with clarity the appropriate standard for addressing claims of equitable mootness.").  The court adopted the Fifth Circuit's formulation in which a court examines "(1) whether a stay has been obtained; (2) whether the plan has been 'substantially consummated'; and (3) whether the relief requested would affect either the rights of parties not before the court or the success of the plan."  Id. (quoting In re Manges, 29 F.3d 1034, 1039 (5th Cir. 1994)).

The USWA argues that American HomePatient constitutes an intervening change of law and undermines the decision in this case. Specifically, the USWA contends that this Court wrongly employed a presumption that an appeal is moot when the reorganization plan is substantially consummated.  In American HomePatient, the Sixth Circuit held that, even though the reorganization plan had been substantially consummated, the appeal was not moot because the appellants had presented "a plausible argument" for how they could obtain relief on appeal without impairing the success of the plan. Id. at 565.  Here, the USWA argues that its appeal is not

2

necessarily moot despite this Court's finding that the reorganization plan had been substantially consummated.

The USWA's argument is unconvincing. This Court's decision expressly followed the standard that American HomePatient declared to be the law of the Sixth Circuit. See Aug. 19, Opinion an Order, p. 8 (stating that "[a] court should examine" the three factors laid out in Manges, 29 F.3d at 1039). Moreover, the Court did not employ a presumption that the USWA's appeal was moot. While noting an unpublished decision stating that "[s]ubstantial consummation raises a presumption that the appeal is moot and should be dismissed," In re Eagle Picher Industries, Inc., Nos. 96-4309, 97-4260, 1998 WL 939869, at *4 (6th Cir. Dec. 21, 1998), the Court chose not to employ that presumption. Instead, the Court conducted a thorough analysis of how granting relief to the USWA on appeal would undermine the success of the reorganization plan and harm third-party interests. See Aug. 19, Opinion and Order, pp. 11-20; American HomePatient, 420 F.3d at 564 (stating that the third factor is the "most important"). Unlike the appellants in American HomePatient, the USWA has not made a plausible argument for how it could obtain relief on appeal without impairing the success of the plan and upsetting third-party interests.

The second basis for the USWA's motion for reconsideration is that the Court made an error of fact concerning a "curtailment scenario." After the USWA called a strike in November 2004, it argued to the bankruptcy court that the reorganization plan would not be feasible if the USWA stayed on strike. The debtor countered with a curtailment plan to keep Ormet in business even if its Hannibal, Ohio facilities were shut down. The bankruptcy court

3

agreed with the debtor that Ormet's reorganization would still be feasible despite the ongoing strike.

In its motion for reconsideration, the USWA challenges a statement the Court made about the curtailment scenario. The Court stated that Ormet could curtail its operations for "only two or three years" before it would need to resume operations at the Hannibal facilities under the terms of the modified collective bargaining agreements. See Aug. 19, 2005 Opinion and Order, p. 17. The USWA argues that this is incorrect, that there was no evidence before the bankruptcy court to suggest that the curtailment plan could last only three years. The USWA argues that Ormet could possibly go many years without resuming operations at the Hannibal facilities.

Upon review of the record below, the Court agrees that there was no time limitation on how long Ormet could curtail its operations. Even though the curtailment plan forecast only to January 1, 2008, the evidence before the bankruptcy court suggested that curtailment plan might work well beyond January 2008. See Trans. of Nov. 23, 2004 Hearing before the Bankr. Ct., pp. 122-23 (CEO of Ormet stating that Ormet could potentially curtail its operations for a "very long time").

Though the USWA is right as factual matter, the USWA has not demonstrated how this alters the Court's conclusion that granting relief on appeal would undermine the reorganization plan's success. The USWA argues, as it has before, that the relief it seeks on appeal – reinstatement of the old collective bargaining agreements – would not undermine the plan because Ormet does not need the labor cost savings achieved through rejection of the old collective

bargaining agreements.  According to the USWA, if Ormet can go a "very long time" without operating the Hannibal facilities, then it can do without those labor costs savings.

This argument fails because the length of the curtailment scenario is not relevant.  It is undisputed on the record that if Ormet does operate the Hannibal facilities post-bankruptcy, it can successfully do so only if it realizes the labor cost savings achieved through rejection of the old collective bargaining agreements.  The curtailment scenario is altogether different: under that scenario, the Hannibal facilities are not in operation, so it is beside the point to speak of labor cost savings no matter how long the strike lasts.  If the USWA gets the relief it wants, there will no longer be a strike and Ormet would be forced to operate the Hannibal facilities under the terms of the old collective bargaining agreements.  As the Court found earlier, "At no point did the bankruptcy court find, or Ormet concede, that Ormet could successfully operate the Hannibal facilities post-bankruptcy under the terms of the old collective bargaining agreements."  Aug. 19, 2005 Opinion and Order, p. 17.  The length of time that Ormet could potentially last under a curtailment scenario does not change this finding.

Accordingly, the USWA's August 29, 2005 motion for reconsideration (doc. 34) is DENIED.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: October 4, 2005

5